Filed 1/25/16  Marriage of Goldberg CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

|  |  |
|---|---|
| In re the Marriage of PATRICIA and EDWARD GOLDBERG. | C077384 |
| PATRICIA GOLDBERG,<br><br>Respondent,<br><br>v.<br><br>EDWARD GOLDBERG,<br><br>Appellant. | (Super. Ct. No. PFL20090348) |

Appellant Edward Goldberg (husband) appeals from a July 23, 2014, court order, which in relevant part compels husband to pay to respondent Patricia Goldberg (wife) $45,000 in attorney fees.  Husband contends the order is an improper modification of a final judgment.  We agree and reverse the July 23, 2014, order.

## I.  BACKGROUND

A status only judgment dissolving the parties' marriage was entered on January 19, 2011.

On March 15, 2011, the parties appeared before Judge Melikian on numerous issues, including wife's pending motion for attorney fees and sanctions, filed in August 2010. Husband noted that Judge Proud previously ordered him to pay $15,000 in attorney fees, which he already paid. After hearing argument on the issue of fees, Judge Melikian ruled:

"THE COURT: I'm going to order that attorney's fees be ordered from [husband] to [wife] in the sum of $45,000. That's my ruling.

"[WIFE'S COUNSEL]: Payable forthwith?

"THE COURT: Payable forthwith.

"[WIFE'S COUNSEL]: Thank you.

"THE COURT: Any questions?

"[WIFE'S COUNSEL]: No.

"[HUSBAND'S COUNSEL]: That's retroactively modifiable?

"THE COURT: Absolutely. Everything is modifiable."

The written findings and order after hearing were issued on October 7, 2011. The written order reflected Judge Melikian's ruling that husband pay to wife $45,000 in attorney fees, payable "forthwith." Wife's request for sanctions and husband's request for attorney fees and sanctions were set for trial in May 2011, along with several other matters.

On June 1, 2012, the parties appeared before Judge Proud with their counsel. Among other issues raised, husband's counsel noted that "there was an issue as to the retroactivity of a $45,000 attorney fees award that Judge Melikian made.

"[HUSBAND'S COUNSEL]: [Wife's counsel] and I have not been able to resolve the retroactivity question. I am going to be filing a motion today. I have the motion . . . [a]nd as far as I'm concerned, if you want to, you can just kick it over to the date of trial.

"THE COURT: That's what I'm thinking. Can't we just address that at the time of trial.

2

"[HUSBAND'S COUNSEL]: Absolutely.

"THE COURT: Go ahead and file your motion, and we'll just put it on the trial date."

The issue of attorney fees, along with several other issues, went to trial before Judge Proud on July 24, 2012, and continued for four days.[1] Husband appeared with counsel; wife appeared in propria persona.

On August 10, 2012, at the court's request, husband submitted a posttrial closing brief. In his brief, husband asked that Judge Melikian's order compelling him to pay to wife $45,000 in attorney fees be "retroactively modified downward and that no future fees be awarded." After laying out evidence he presented at trial, husband argued: "Looking at the totality of the circumstances, including the income that is available for the parties, the fact that Husband has already paid $15,000.00 for Wife's fees (by order of November 5, 2009[,] and May 17, 2010), and the conduct and tactics of Wife's 'shadow counsel' in churning emotions, Husband maintains that the $45,000.00 should be reduced substantially, if not completely eliminated."

Judge Proud issued his tentative decision in writing on September 14, 2012 (September 14 order). On page 15 of his 16-page decision, Judge Proud ruled on the issue of attorney fees: "To date, [husband] has paid $15,000.00 toward[] attorney fees for [wife]. The court has not counted the $10,000.00 paid May 7, 2009[,] because he was given credit for this amount in the support arrears calculation. According to [wife] she has incurred in excess of $120,000.00 in attorney fees up to the trial, about $85,000.00 of which has been paid. [Husband] has incurred approximately the same in fees. The court finds that based on the 1st order for support each party had sufficient [] income to satisfy the conditions of Family Code section 2032. Therefore, the court orders that other than

---

[1] The record does not include a reporter's transcript from that trial.

the $15,000.00 previously ordered payable from [husband] to [wife] for attorney fees, each side shall be responsible for their own attorney fees and costs incurred in this litigation."

Husband filed his request for a statement of decision on October 2, 2012. Therein, husband asked the trial court "[t]he factual basis in support of the Court's finding that with the exception of fees paid, each side would bear their own attorney fees." The record does not include a response from the trial court. On June 6, 2013, however, the trial court issued a judgment of dissolution on reserved issues wherein the trial court ruled that, "Other than the $15,000.00 previously ordered payable from [husband] to [wife] for attorney fees, each side shall be responsible for their own attorney fees and costs incurred in this litigation." Notice of entry of judgment was filed the same day.

Wife then filed a motion for "enforcement of order" on or about August 29, 2013. In her motion, wife asked the trial court to compel husband to pay, among other things, the $45,000 in attorney fees that were ordered by Judge Melikian on March 15, 2011. Husband opposed Wife's motion. With regard to the $45,000 in attorney fees, he argued Judge Melikian's March 15, 2011, order (March 15 order) was "vacated" by Judge Proud in his September 14 order after trial, which was then incorporated into the June 6, 2013, judgment.

Judge Proud heard wife's motion on October 3, 2013. Husband appeared with counsel; wife again appeared in propria persona. Judge Proud initially observed that, "I think [husband's] position is that that order of $45,000 was somehow rescinded. To be quite candid with you, I don't think that's what happened, but I'll take a look at what the order says." Husband's counsel responded that he was not arguing the order was "rescinded" but that the judgment "indicated there would be no attorney's fees payable as part of the judgment."

Judge Proud continued with his recollection of what happened at trial: "[W]hen I made my order, it was my—again, maybe I shouldn't be saying anything, but I believe I

4

was thinking that the additional fees would only be the additional 15,000 that I ordered, because I had already made the order for the 45-, and I think there was another order for fees. I can't remember. I think there were two of them." Judge Proud agreed to look at the issue and provide his tentative ruling in writing, allowing both parties to present any objections, and then setting it again for oral argument if necessary.

On October 16, 2013, Judge Proud issued his tentative decision, titled: "Tentative Ruling On: [Wife's] Motion For Attorney's Fees; Clarification Of September 14, 2012[,] Ruling." The decision states:

"After a review of the file the court finds that on March 15, 2011[,] Judge Melikian ordered [husband] to pay [wife] the sum of $45,000.00 for [wife's] attorney fees. Said amount was payable 'forthwith.' That order for fees is final; it has never been rescinded, modified or reduced, nor would this court have the ability to modify another judge's order that is final.

"Also, the court notes that although a support order payable from [husband] to [wife] was made by stipulation in 2010; as of the date of Judge Melikian's March 15, 2011[,] order, [husband] was substantially in arrears on support. The court is inclined to modify its September 14, 2012[,] ruling at page 12, line 22 to read:

" 'Other than the $15,000.00 [husband] has paid toward [] [wife's] attorney fees and the court order of March 15, 2011[,] awarding [wife] $45,000.00 for attorney fees, the court orders each side shall be responsible for their own attorney fees and costs incurred in this litigation.'

"Either side requesting oral or written argument shall file said request within 30 days of the date of this order. If no request is made the modification set forth herein will become the order of the court."

On or about November 21, 2013, husband filed his objection to the court's tentative ruling. Husband argued the trial court was wrong in believing it lacked authority to modify Judge Melikian's order because Judge Melikian's order was, by its

5

terms, modifiable. On the other hand, husband argued, the court's September 14 order after trial, which was later incorporated into the judgment, was a final judgment that was not subject to modification. The trial court, therefore, erred in modifying that judgment.

On March 17, 2014, the trial court issued an ex parte minute order finding no opposition was made to its October 16, 2013, tentative ruling. The court thus deemed the tentative ruling "as the final order."

After issuing the March 17, 2014, order, the court received husband's opposition. Accordingly, on July 23, 2014, the court issued another ex parte minute order, wherein the court acknowledged having reviewed husband's opposition but nevertheless ruling that "the final order that was ordered on 3/17/14 as the order and the ruling stands." Husband appeals from that order.

## II. DISCUSSION

Husband contends the March 15 order was retroactively modifiable, that the trial court modified the March 15 order in its September 14 order, and the court exceeded its jurisdiction when, in its July 23, 2014, order, the court modified the September 14 order, which was final. Wife argues, in response, that the March 15 order was not retroactively modifiable and the trial court did not modify the September 14 order, but simply "clarified" it. Husband has the better argument.

The court's ruling on March 15, 2011, and the written findings and order issued after the hearing are not models of clarity. We conclude, however, that the order was not final because it was made retroactively modifiable. Not only did Judge Melikian expressly tell the parties the order was retroactively modifiable, but the issue of fees in the March 15 order was set for trial. If the March 15 order were a final order, trial would not have been necessary. The record does not include a reporter's transcript from the trial that included whether to modify the March 15 order for fees, but it is evident from husband's posttrial brief that modifying the March 15 order was actually litigated at trial.

6

On the contrary, the September 14 order was a final order, which was later incorporated into the June 6, 2013, judgment. The trial court was, therefore, limited in its ability to change the September 14 order. " 'Independent of statute, a trial court has power to correct mistakes and to annul orders and judgments inadvertently or improvidently made. A trial court has power to vacate judgments and orders inadvertently made which are not actually the result of the exercise of judgment. It has no power, however, having once made its decision after regular submission, to set aside or amend judicial errors except under appropriate statutory proceedings.' [Citations.]" (*Denton v. Denton* (1971) 18 Cal.App.3d 708, 715; see also 7 Witkin, Cal. Procedure (5th ed. 2008) Judgment, §65, p. 600.) Those statutory proceedings are: a motion for new trial (Code Civ. Proc., § 659, subd. (a)); a motion to vacate the judgment (Code Civ. Proc., §§ 663, 663a); and a motion to modify the judgment based on mistake, inadvertence, or excusable neglect (Code Civ. Proc., § 473, subd. (b)). None of these procedures were followed here. Accordingly, the court acted in excess of its jurisdiction in modifying the September 14 order.

Wife contends Judge Proud did not modify the September 14 order, but merely clarified it. Her claim is not supported by the record. In his September 14 order, Judge Proud found that "based on the 1st order for support each party had sufficient [] income to satisfy the conditions of Family Code section 2032." This finding reflects the court's determination that both parties had "sufficient financial resources to present [their respective] case[s] adequately." (Fam. Code, § 2032, subd. (b).) Accordingly, he ruled that husband would pay no more in attorney fees than the $15,000 he had already paid. Judge Proud ruled to the contrary in his October 16, 2013, order.

In his October 16, 2013, order, Judge Proud found that wife lacked sufficient financial resources to present her case adequately because, although there was an order for support, husband was substantially in arrears: "although a support order payable from [husband] to [wife] was made by stipulation in 2010; as of the date of Judge Melikian's

7

March 15, 2011[,] order, [husband] was substantially in arrears on support." This is not a clerical change, nor is it a mere clarification, it reflects a change in the court's opinion regarding the evidence presented at the July 24, 2014, trial. The court's decision then to "modify its September 14, 2012[,] ruling" to include the $45,000 order for attorney fees is a change in the substance of the judgment. This, the court was not permitted to do. "Once made, a judicial pronouncement cannot be set aside except as provided by law. Certainly it cannot be set aside by the judge who pronounced it simply changing his mind on the law or the facts." (*Nacht v. Nacht* (1959) 167 Cal.App.2d 254, 265.)

### III.  DISPOSITION

The trial court's July 23, 2014, order is reversed and vacated. Costs on appeal are awarded to husband. (Cal. Rules of Court, rule 8.278(a)(1), (2).)


/S/

_____

RENNER, J.


We concur:


/S/

_____

NICHOLSON, Acting P. J.


/S/

_____

MAURO, J.

8